UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA DENISE GRAY,

        Plaintiff,                              Civil Action No. 18-12146
                                                  HON. MARK A. GOLDSMITH

vs.

CITY OF DETROIT.

        Defendant.
_____/

# OPINION & ORDER
## (1) ADOPTING IN PART AND REJECTING IN PART THE AMENDED REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE DATED JANUARY 3, 2020 (Dkt. 41); (2) SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S OBJECTIONS (Dkt. 42); (3) AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 26)

Plaintiff Sheila Denise Gray, proceeding pro se, filed this Title VII and American with Disabilities ("ADA") action against Defendant City of Detroit. The matter was referred to Magistrate Judge David R. Grand for all pretrial proceedings. See Order of Referral (Dkt. 10). On January 6, 2020, the magistrate judge issued a Report and Recommendation ("R&R") recommending the Court grant in part and deny in part the City's motion for summary judgment (Dkt. 39). Because some of the City's exhibits contained Gray's personal identifying information, the magistrate judge granted the City's motion to strike those exhibits (Dkt. 40), and issued an Amended R&R citing corrected exhibits (Dkt. 41).

In the Amended R&R, the magistrate judge recommended granting the City's motion for summary judgment on all but Gray's failure to accommodate claims. The magistrate judge instructed the parties that they had fourteen days to file objections to the R&R. The City objected to the magistrate judge's recommendation that its motion be denied as to the failure to

accommodate claims. Gray has not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2).[1]

For the reasons that follow, the Court sustains in part and overrules in part the City's objections.

**I.     BACKGROUND**

The factual and procedural background has been adequately set forth by the magistrate judge and need not be repeated here in full. In relevant part, Gray is a retired City of Detroit police officer who suffered a knee injury in 2006 while on duty. R&R at 1-2. She went on restricted duty status in 2011. Id. at 2. She was placed at the Records and Identification Unit ("ID Unit"), where she was assigned clerical duties, such as fingerprinting, background checks, and sex offender registration. Id. Restricted duty positions are used as temporary accommodations to allow officers to rehabilitate and, if possible, return to active duty. Id. Although Gray made annual requests to make her position with the ID Unit permanent, she remained on restricted duty status at the ID Unit until her retirement in November 2016. Id.

In the summer of 2016, Gray took Family and Medical Leave Act leave. Id. at 3. In August, Gray's doctor issued restrictions indicating that she could perform light work, but that she could not walk for prolonged distances and could not stand for prolonged periods. Id. When Gray returned to work in August, her supervisor moved her workstation to the back of the office, which, according to Gray, caused her to walk and stand for longer durations than her doctor had recommended. Id. at 4. In September 2016, Gray applied for retirement due in part to the increased

---

[1] Gray filed an untimely motion for an extension of time to respond to the City's objections (Dkt. 47). Under Federal Rule of Civil Procedure 6, a court may grant an untimely motion for more time, for good cause shown, if a party failed to act because of excusable neglect. Gray does not set forth any basis for extending her time to respond to the City's objections to the R&R in her motion. Therefore, the motion is denied.

2

strain on her knee at work.  Id.  A few weeks later, a doctor found Gray was permanently incapacitated and unable to perform twelve of the twenty-four "essential functions" of a City of Detroit Police Officer.  Id. at 4-5.  The City found Gray's knee condition to be a disability, and granted Gray's retirement application.  Id. at 5.  Grays's last day of work was in November 2016. Id.

## II. STANDARD OF DECISION

The Court reviews de novo any portion of the R&R to which a specific objection has been made.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.").  Any issues raised for the first time in objections to an R&R are deemed waived.  Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013) (citing Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived.").

## III. ANALYSIS

The magistrate judge found in the City's favor on all but Gray's reasonable accommodation claims under Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA") and the Americans with Disabilities Act ("ADA").  The City argues that the magistrate judge erred by (i) finding that Gray was disabled within the meaning of the PWDCRA, and that she was otherwise qualified for her position as a police officer within the meaning of the ADA; (ii) finding that Gray's work duties worsened her disability; and (iii) finding that there is a fact question related to whether Gray requested an accommodation.  The City's arguments will be taken in turn.

3

### A. PWDCRA/ADA

The City argues that the magistrate judge erred by not giving Peden v. City of Detroit, 680 N.W.2d 857, 860 (Mich. 2004), controlling weight on Gray's PWDCRA claim. Obj. at 2. As noted in the R&R, because the ADA and the PWDCRA have similar purposes and burden requirements, claims under both Acts are often analyzed together. See R&R at 23 n.13. Indeed, the magistrate judge analyzed the two claims in this case together. However, as explained in Peden, the PWDCRA and ADA are not identical in all respects. Peden, 680 N.W.2d at 870. This is one of those rare instances where the Acts do not lend themselves to identical analysis.

In Peden, a City of Detroit police officer was placed on restricted duty after suffering a heart attack while performing clerical tasks consistent with his clerk position. Id. at 860. The officer remained in his clerical position for some time before taking a position with the City's Crime Analysis Unit. Id. After ten years on restricted duty, the City placed the officer on involuntary disability retirement because he could not perform the "24 Essential Job Functions of a Law Enforcement Officer" ("EFL"), which included functions such as pursuing suspects on foot, effecting forcible arrests, and overcoming violent resistance. Id. There was no dispute that the officer could not perform all EFL tasks. Id. at 873. Therefore, even though the officer was not performing patrol officer duties, the Michigan Supreme Court held that because the officer could not perform all EFL tasks, with or without an accommodation, his PWDCRA and ADA claims could not survive summary disposition. Id. at 872-873.

Gray's PWDCRA claim is indistinguishable from the officer's claim in Peden. Gray was a City of Detroit police officer who was placed on restricted duty because of a knee injury. She performed largely clerical tasks for nearly six years, and she cannot perform twelve of the EFL tasks. R&R at 4-5. Therefore, the City's objection to the R&R based on Peden is sustained,

because the R&R failed to consider the Michigan Supreme Court's interpretation of the PWDCRA with respect to Michigan police officers placed on restricted duty and years later forced to retire for failing to meet the EFL applicable to all Michigan police officers regardless of job duties. Gray's claim under the ADA, however, fares better.

The City argues that the magistrate judge erred by using Gray's restricted duty position at the ID Unit, rather than her position as an active duty officer, when considering her ADA claim. Obj. at 2-3. The City argues that Gray cannot show that she was otherwise qualified to perform her duties as an active duty officer. Id. at 3. The City's argument misses the mark.

The magistrate squarely addressed and rejected the City's argument that Gray should be measured by her active police officer position. R&R at 26-27. As noted in the R&R, "'an employer has a duty under the ADA to consider transferring a disabled employee who can no longer perform his old job even with accommodation to a new position within the [c]ompany for which that employee is otherwise qualified.'" Kleiber v. Honda of Am. Mfg., Inc., 485 F.3d 862, 869 (6th Cir. 2007) (quoting Burns v. Coca-Cola Enters., Inc., 222 F.3d 247, 257 (6th Cir. 2000)). Gray worked in the ID Unit for almost six years, and, according to Gray, she only retired because her supervisor changed her workstation. R&R at 27. Gray's position was not eliminated, and she had otherwise been able to perform the functions of that position for many years. Therefore, Gray has met her burden of showing that with a reasonable accommodation (returning her to the previous workstation) she was otherwise qualified for the position at the ID Unit.

**B. Worsened Condition**

In its second argument, the City argues that Gray's condition could not have worsened by moving her workstation. See Obj. at 3. It argues that Gray was required to walk the same distance regardless of whether her workstation was in the front or in the back of the ID Unit because at least

5

two of her duties, working the front counter and tending to the fax machine, were at opposite ends of the office. Id. However, even assuming the layout of the office is as the City represents it is, its argument does not account for frequency of the tasks. If Gray spent most of her time at the front desk, then being moved further away from the front desk would necessarily increase the amount of time she spent walking. Whether that increase in walking worsened Gray's disability is a fact question for a jury and cannot be decided on a motion for summary judgment.

### C. Request for Accommodation

In its final argument, the City argues that the magistrate judge erred by finding that Gray requested an accommodation. Obj. at 3-4. The City argues that Gray did not affirmatively request an additional accommodation (presumably being moved back to her previous workstation). Id. at 4. The City is mistaken.

The City is correct that it is not required to speculate as to the extent of an employee's disability or the employee's need for an accommodation. Gantt v. Wilson Sporting Goods Co., 143 F.3d 1042, 1046-1047 (6th Cir. 1998). However, as the magistrate judge explained, there is "no bright-line test for when the form of an employee's request is sufficiently clear to constitute a request for an accommodation," Judge v. Landscape Forms, Inc., 592 F. App'x 403, 407 (6th Cir. 2014), and "an employee need not use the magic words 'accommodation' or even 'disability,'" Leeds v. Potter, 249 F. App'x. 442, 449 (6th Cir. 2007). The request can be made clear "from the context that it is being made in order to conform with existing medical restrictions." Leeds, 249 F. App'x at 449.

The magistrate judge observed that whether Gray made a request for an accommodation is a close call. R&R at 29. Nonetheless, the magistrate judge found that Gray's comments to her supervisor that she wanted to move closer to her former workstation so that she would not need to

6

walk as much, and her subsequent comment to the same supervisor that working the counter violated her restrictions, were clear enough to survive summary judgment. Id. at 30. The Court agrees. This does not, as the City argues, put the onus on the City to understand and propose an accommodation. Obj. at 5. A jury could reasonably find that Gray's comments were clear enough under the circumstances to inform her employer of her disability and the desire for an accommodation. Nothing more is required to survive a summary judgment motion.

## IV. CONCLUSION

For the reasons stated above, the City's objection to the R&R with respect to Gray's PWDCRA claim is sustained. All other objections are overruled. The magistrate judge's R&R (Dkt. 41) is adopted in part and rejected in part. The City's motion for summary judgment (Dkt. 26) is denied as to Gray's reasonable accommodation claim under the ADA, and granted in all other respects.[2]

SO ORDERED.

Dated: February 18, 2020  
       Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

---

[2] The parties also filed motions to strike (Dkts. 43 & 45) portions of the City's motion for summary judgment because the City inadvertently included personal identifiers in the filings. The City moved to strike Exhibits 12 and 13 (Dkts. 26-12 & 26-13) and refiled redacted versions of the Exhibits. The City's motion to strike (Dkt. 45) is granted. Gray's motion to strike does not explain what "Private and Personal Information" is contained in the remainder of the City's Exhibits. To the extent that Gray desires to have further documents struck, redacted, or sealed, Gray should confer with opposing counsel regarding potential HIPAA protections and whether counsel would oppose sealing medical records. Gray's motion to strike (Dkt. 43) is denied without prejudice. If the parties agree on further corrections to the record, counsel for the City can submit a stipulated proposed order through the utilities function of ECF.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 18, 2020.

s/Karri Sandusky
Case Manager
