**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHEILA DENISE GRAY,

                Plaintiff,               Civil Action No 18-CV-12146

v.

                                     Hon. Mark A. Goldsmith

CITY OF DETROIT,
A Michigan Municipal Corp.

                Defendant.

| | |
|---|---|
| Sheila D. Gray | Letitia C. Jones |
| Plaintiff In Pro Per | Attorney for Defendant |
| | 2 Woodward Ave., Ste. #500 |
| | Detroit, MI 48226 |
| | (313) 237-3002 |
| | jonelc@detroitmi.gov |

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>

       Pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Court's Case Management and Scheduling Order issued on August 31, 2020, Defendant submits the following proposed jury instructions.

                        Respectfully submitted,

                        */s/ Letitia C. Jones*
                        **Letitia C. Jones** [P-52136]
                        Attorney for Defendant

<u>Date: August 16, 2021</u>

## GENERAL PRELIMINARY INSTRUCTIONS
## AT BEGINNING OF CIVIL TRIAL

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ 2

§ 100. Opening instructions ..................................................................................... 5

§ 101. Order of trial ................................................................................................... 8

§ 102. Claims and defenses ..................................................................................... 9

§ 103. Province of judge and jury .......................................................................... 10

§ 104. Jury conduct ................................................................................................ 11

§ 105. Juror use of electronic technology—before trial ....................................... 13

§ 106. No transcript available to jury .................................................................... 15

§ 107. Publicity during trial ................................................................................... 16

§ 108. Judge's questions to witnesses ................................................................. 17

§ 109. Bench conferences ...................................................................................... 18

§ 110. Evidence in the case .................................................................................. 19

§ 111. Burden of proof ........................................................................................... 21

§ 112. Direct and circumstantial evidence ........................................................... 22

§ 113. Credibility of witnesses .............................................................................. 23

§ 114. What is not evidence? ................................................................................. 24

§ 115. Evidence for limited purposes ................................................................... 25

§ 116. Ruling on objections ................................................................................... 26

§ 117. Cautionary instruction before court recess ............................................... 27

§ 118. Bench conferences ...................................................................................... 28

§ 119. Stipulations of fact ..................................................................................... 29

§ 120. Stricken Testimony ..................................................................................... 30

§ 121. Judge's comments to lawyer ...................................................................... 31

§ 122. Objections and rulings ................................................................................ 32

§ 123. Judge's questions to witnesses ................................................................. 33

§ 124. Judge's comments on certain evidence ..................................................... 34

§ 125. General introduction ................................................................................... 35

§ 126. Juror use of electronic communication technologies ................................ 36

§ 127. Instructions apply to each party ................................................................ 37

§ 128. All persons equal before the law—Individuals .......................................... 38

§ 129. All persons equal before the law--Organizations ...................................... 39

§ 130. Evidence in the case ..................................................................... 40

§ 131. Court's comments not evidence ...................................................... 41

§ 132. Questions not evidence ................................................................. 42

§ 133. Election of foreperson; duty to deliberate; communications with court; cautionary; unanimous verdict; verdict form ................................................................. 43

§ 134. Preponderance of the evidence........................................................ 45

§ 135. "If you find" or "if you decide"........................................................ 46

§ 136. Direct and circumstantial evidence.................................................. 47

§ 137. Number of witnesses ..................................................................... 48

§ 138. Discrepancies in testimony ............................................................ 49

§ 139. Impeachment—Inconsistent statement or conduct............................ 51

§ 140. Effect of prior inconsistent statements or conduct ............................ 52

§ 141. Effect of refusal of witness to answer ............................................. 53

§ 142. All available witnesses or evidence need not be produced .................. 54

§ 143. Duty to deliberate ......................................................................... 55

§ 144. Effect of instruction as to damages ................................................ 56

§ 145. Election of foreperson—General verdict............................................ 57

§ 146. Verdict forms—Jury's responsibility................................................. 58

§ 147. Communications between court and jury during jury's deliberations ................ 59

§ 148. Additional instruction—when jurors fail reasonably to agree .............. 60

§ 149. Reasonable Accommodation .......................................................... 63

§ 150. Reasonable Accommodation .......................................................... 64

§ 151. Disability .................................................................................... 65

§ 152. Qualified individual with a disability. ............................................... 66

§ 153. Essential Job Functions ................................................................ 67

§ 154. Substantially limited..................................................................... 68

§ 155. Major activities of life. .................................................................. 69

§ 156. Regarded as having an impairment.................................................. 70

§ 157. Record of Impairment. .................................................................. 71

§ 158. Reasonable accommodation. ......................................................... 72

§ 159. Undue hardship ........................................................................... 73

§ 160. Generally .................................................................................... 74

§ 161. Preponderance of the evidence....................................................... 75

§ 162. Good faith Effort to Make Reasonable Accommodation. ..................... 76

§ 163. Undue hardship ................................................................................. 77

§ 164 Requested or Best Reasonable Accommodation ................................ 78

§ 165. Compensatory damages .................................................................... 79

§ 166. Punitive damages ................................................................................ 80

§ 167. Mitigation of damages ......................................................................... 81

§ 168. Jury interrogatories—Reasonable accommodation ............................ 83

### § 100. Opening instructions

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is *Sheila Gray*. The party being sued is called the defendant*[s]*. In this action, the defendant is *City of Detroit.*

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," I that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence. [*You should avoid reading any news articles that might be published about the case. You should also avoid watching or listening to any television or radio comments or comments on the Internet about the trial.*]

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

## § 101. Order of trial

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiff will present evidence in support of plaintiff's claim and the defendant's lawyer may cross-examine the witnesses. At the conclusion of the plaintiff's case, the defendant may introduce evidence and the plaintiff's lawyer may cross-examine the witnesses. The defendant is not required to introduce any evidence or to call any witnesses. *If the defendant introduces evidence, the plaintiff may then present rebuttal evidence.*]

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

## § 102. Claims and defenses

The positions of the parties can be summarized as follows:

Plaintiff *Gray* claims that

- *Defendant violated the Americans with Disabilities Act (ADA) by failing to reasonably accommodate her disability.*

- *She has an impairment that substantially limits one or more of her major life activities,*

- *She was otherwise qualified to perform her duties*

- *Defendant should have known of her disability.*

- *She requested reasonable accommodations.*

Defendant *City of Detroit* denies those claims and also contends that

- *The City denies any allegations that it violated the ADA.*

- *Plaintiff was hired as a police officer in 1999; sustained a knee injury in 2006.*

- *Since 2006, she has been reasonably accommodated by working in clerical positions.*

- *She continued to receive pay & benefits of a police officer, although working in a clerical position.*

- *She suffered no adverse employment action and voluntarily retired November 2016.*

### § 103. Province of judge and jury

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

## § 104. Jury conduct

To insure fairness, you must obey the following rules:

1. Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2. Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3. Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4. During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5. Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6. Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7. Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8. If you need to tell me something, simply give a signed note to the bailiff to give to me.

**§ 105. Juror use of electronic technology—before trial**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, Blackberries, the Internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, through any blog or website, including Instagram, Twitter, Facebook, Google+, My Space, LinkedIn, TikTok, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect

you will inform me as soon as you become aware of another juror's violation of these instructions.

**§ 106. No transcript available to jury**

At the end of the trial, you will have to make your decision based on what you remember about the evidence. You will not have a written transcript to read, and it is difficult and time-consuming for the reporter to read or play back testimony. I urge you to pay close attention to the testimony as it is presented at the trial.

**§ 107. Publicity during trial**

If there is publicity about this trial, you must ignore it. Do not read anything or listen to any television or radio programs about the case. You must decide this case only from the evidence presented in the trial.

## § 108. Judge's questions to witnesses

During the trial, I may sometimes ask a witness questions. Please do not assume that

I have any opinion about the subject matter of my questions.

**§ 109. Bench conferences**

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.

## § 110. Evidence in the case

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true or that a person would have given certain testimony. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

### § 111. Burden of proof

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

### § 112. Direct and circumstantial evidence

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

### § 113. Credibility of witnesses

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**§ 114. What is not evidence?**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## § 115. Evidence for limited purposes

When I instruct you that an item of evidence has been admitted for a limited purpose,

you must consider that item only for that limited purpose and for no other.

### § 116. Ruling on objections

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side believes the question or exhibit is not admissible under the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

## INSTRUCTIONS DURING A CIVIL TRIAL

### § 117. Cautionary instruction before court recess

We are about to take our first recess. I want to remind you of the instructions I gave earlier. Until the trial is over, you are not to discuss this case with anyone, including other jurors, members of your family, people involved in the trial, or anyone else. You may not permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Do not read or listen to any news reports of the trial, including reports on the Internet. If a newspaper headline or news broadcast catches your attention, do not examine the article or watch or listen to the broadcast any further. The person who wrote or is reporting the story may not have listened to all the testimony, may be getting information from persons whom you will not see here in court under oath and subject to cross examination. The report may emphasize an unimportant point or may simply be wrong. You must base your verdict solely and exclusively on the evidence received in court during the trial.

Finally, you must keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the bailiff to give to me.

## § 118. Bench conferences

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. Do not consider my granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

I do not wish to cause you any delay, but these conferences are necessary. I apologize for any inconvenience. I will do what I can to limit the number and length of these conferences.

**§ 119. Stipulations of fact**

The parties have stipulated, or agreed, that is a fact. You must treat this fact as having

been proven for the purpose of this case.

## § 120. Stricken Testimony

Do not consider any stricken evidence. You must treat stricken evidence as though you had never heard or known of it.

**§ 121. Judge's comments to lawyer**

It is my duty to caution or warn an attorney who does something I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side I may caution or warn during the trial.

### § 122. Objections and rulings

Testimony and exhibits may be admitted into evidence during a trial only if they meet certain criteria or standards. It is a lawyer's duty to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

## § 123. Judge's questions to witnesses

During the trial, I may sometimes ask a witness questions. Please do not think I have any opinion about the subject matter of my questions. I may ask a question simply to clarify a matter, not to help one side of the case or harm another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

### § 124. Judge's comments on certain evidence

The law permits a federal judge to comment to the jury on the evidence in a case. These comments are only expressions of my opinion as to the facts and you may disregard them entirely. You are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow my instructions about the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in this case.

## INSTRUCTIONS AT CLOSE OF EVIDENCE – DUTIES OF COURT AND JURY

### § 125. General introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

[*The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.*]

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

### § 126. Juror use of electronic communication technologies

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly arid adversely impact the judicial process.

## § 127. Instructions apply to each party

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

**§ 128. All persons equal before the law—Individuals**

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, including Plaintiff *Sheila Gray*, stand equal before the law and are to be treated as equals.

**§ 129. All persons equal before the law--Organizations**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The *City of Detroit* as a municipal corporation is entitled to the same fair trial as a private individual. All persons, including the *City of Detroit* and other organizations stand equal before the law, and are to be treated as equals.

**§ 130. Evidence in the case**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

## § 131. Court's comments not evidence

The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions.

### § 132. Questions not evidence

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

**§ 133. Election of foreperson; duty to deliberate; communications with court; cautionary; unanimous verdict; verdict form**

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. *The form reads:*

*On the failure to accommodate claim of Plaintiff Gray, we, the Jury, find in favor of (check one):*

*□ Plaintiff Sheila Gray*

*□ Defendant City of Detroit.*

*If the above finding is in favor of Defendant City of Detroit, have your foreperson sign and date this form because you have completed your deliberation on this claim.*

*If the above finding is in favor of Plaintiff Gray, complete the following paragraphs:*

*We find plaintiff's damages as defined in Instruction 172.70 to be:*

*$_____ (stating the amount or, if none, write the word "none").*

*We assess punitive damages against Defendant City of Detroit, as submitted in Instruction 4:1104, as follows:*

*$_____ (stating the amount or, if none, write the word "none")*

You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

## INSTRUCTIONS AT CLOSE OF EVIDENCE: BURDEN OF PROOF

### § 134. Preponderance of the evidence

Plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**§ 135. "If you find" or "if you decide"**

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

## § 136. Direct and circumstantial evidence

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

## § 137. Number of witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

## INSTRUCTIONS AT CLOSE OF EVIDENCE – CREDIBILITY OF WITNESSES

### § 138. Discrepancies in testimony

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**§ 139. Impeachment—Inconsistent statement or conduct**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## § 140. Effect of prior inconsistent statements or conduct

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**§ 141. Effect of refusal of witness to answer**

The law requires every witness to answer all proper questions put to the witness at trial, unless I rule the witness is privileged to refuse to answer on constitutional or other grounds.

The fact a witness refuses to answer a question after being instructed by me to answer it may be considered by the jury as one of the factors in determining the credibility of the witness and the weight his or her testimony deserves.

**§ 142. All available witnesses or evidence need not be produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

JURY INSTRUCTIONS – GRAY V COD (USDC 18-CV-12146)

## INSTRUCTIONS AT CLOSE OF EVIDENCE – THE VERDICT

### § 143. Duty to deliberate

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be met by a 6 person majority.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## § 144. Effect of instruction as to damages

The fact I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

**§ 145. Election of foreperson—General verdict**

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson in Court.

A verdict form has been prepared for your convenience.

You will take the form to the jury room, and when you have reached a majority agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree.  You will then return with your verdict to the courtroom.

**§ 146. Verdict forms—Jury's responsibility**

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

### § 147. Communications between court and jury during jury's deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a verdict.

**§ 148. Additional instruction—when jurors fail reasonably to agree**

I have a few thoughts for you to consider in your deliberations. You should consider these thoughts along with the evidence received during the trial and all the instructions previously given to you.

This is an important case. The trial has been expensive in terms of time, effort, and money to both the defense and the plaintiff. If you should fail to agree on a verdict, the case is left open and undecided. Like all cases, it must be disposed of at some time. A second trial would be costly to both sides. There does not appear any reason to believe the case can be tried again, by either side, better or more in more detail than it was tried before you.

Any future jury would be selected in the same manner and from the same source as you were chosen. There appears no reason to believe that the case could ever be submitted to six people more conscientious, more impartial, or more competent to decide it or that more or clearer evidence could be produced on behalf of either side.

These concepts are clear to all who have participated in this trial. The only reason I mention these facts now is because some of the facts may have escaped your attention while you have been fully occupied in reviewing the evidence in the case in the light of the instructions with your fellow jurors. These are all matters reminding us how desirable it is that you unanimously agree upon a verdict.

As stated in the instructions given at the time the case was first submitted to you for decision, you should not surrender your honest beliefs as to the weight or effect of evidence

solely because of the opinion of other jurors or for the mere purpose of returning a unanimous verdict. However, it is your duty as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violating individual judgment. Each of you must decide the case for yourself, but you should do so only after a consideration of the evidence in the case with your fellow jurors. In the course of your deliberations you should not hesitate to reexamine your own views and change your opinion if convinced it is erroneous.

In order to bring at least six minds to a unanimous result you must examine the questions submitted to you with candor and frankness and with proper deference to and regard for the opinions of each other. In conferring together, each of you should pay due attention and respect to the views of the others and listen to each other's arguments for the purpose of reexamining your own views.

You are not partisans. You are judges—judges of the facts. Your sole interest here is to determine whether the plaintiff has proven each essential element of each claim concerning the defendant by a preponderance of the evidence. You are the exclusive judges of the credibility of all the witnesses and of the weight and effect of all the evidence.

At all times no juror is expected to yield a conscientious belief the juror may have as to the weight or effect of evidence. Remember that, after full deliberation and consideration of all the evidence in the case, it is your duty to agree upon a verdict if you can do so without violating your individual judgment and your conscience.

You may conduct your deliberations as you choose, but I suggest you carefully reexamine and reconsider all the evidence in the case bearing upon the questions before you in the light of the Court's instructions on the law.

You may be as leisurely in your deliberations as the occasion may require and you may take all the time you may feel is necessary.

You may now return to the jury room and continue your deliberations in such manner as shall be determined by your good and conscientious judgment as reasonable men and women.

## INSTRUCTIONS FOR CIVIL ACTIONS GOVERNED BY FEDERAL LAW

*Failure to Accommodate Under the Americans with Disabilities Act*

### § 149. Reasonable Accommodation

Under the ADA, it is unlawful for an employer to discriminate against an employee because of that employee's disability if the employee is qualified to do the job with a reasonable accommodation by the employer of the employee's disability.

*A reasonable accommodation is a modification or adjustment to a job, the work environment, or the way things are usually done.*

*If the accommodation would present an undue hardship to the operation of the employer's business, an employer can legally refuse to accommodate a request for reasonable accommodation from an employee.*

**§ 150. Reasonable Accommodation**

In order to prevail on a failure to accommodate claim, Plaintiff Gray must prove each of the following facts by a preponderance of the evidence:

First, Plaintiff Gray had a disability or Defendant City of Detroit regarded Plaintiff Gray as having a disability or Plaintiff Gray had a record of a disability;

Second: Plaintiff was a "qualified individual," as defined later;

Third: Defendant was informed of Plaintiff's need for an accommodation due to a disability;

Fourth: Plaintiff could have performed the essential function of a police officer, if Defendant had moved her to her desired location within the office closest to the fax/copier.

Fifth: Providing Plaintiff the location of her choice within the office would have been reasonable and would not have been unduly burdensome to Defendant's operations; and Defendant failed to provide her the location of her choice or any other reasonable accommodation.

**§ 151. Disability**

The term "disability" means:

> One: a physical or mental impairment that substantially limits one of the major activities of life, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning or working; or
>
> Two: A record of such an impairment; or
>
> Three: being regarded as having such an impairment.
>
> The determination of whether Plaintiff Gray is disabled must be made with reference to measures that mitigate plaintiff's alleged impairment (including prosthesis, walking aids, etc.).

**§ 152. Qualified individual with a disability.**

The term "qualified individuals with a disability" means an individual with a disability who can perform the essential functions of the employment position that Plaintiff holds or for which Plaintiff has applied.

You should give consideration to, but are not bound by, Defendant City's judgment as to what functions of the job are essential.

## § 153. Essential Job Functions

The term "essential job functions" means the fundamental job duties of the employment position Plaintiff Gray holds or for which she applied. The term "essential functions" does not include the marginal functions of the position.

Along with all the other evidence in the case, you may consider the following in determining the essential function is of an employment position.

1. Defendant's judgment as to which functions of the job are essential;

2. Written job descriptions prepared for advertising or used when interviewing applicants for the job;

3. The amount of time spent on the job performing the function in question;

4. The consequences of not requiring the person to perform the function;

5. The terms of a collective bargaining agreement if one exists;

6. The work experience of persons who have held the job; and

7. The current work experience of persons in similar jobs.

### § 154. Substantially limited

Working is a major life activity. However, an inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. An individual is substantially limited in the major life activity of working only if the individual is significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.

In deciding whether an individual's impairment substantially limited the individual's ability to work, you should consider the following factors relating to the severity, duration and lasting effect of the impairment:

1. The nature and severity of the impairment;

2. How long the alleged impairment will last or is expected to last; and

3. The permanent or long-term impact of the alleged impairment.

In addition, you may also consider:

1. The geographical area to which Plaintiff Gray has reasonable access;

2. The number and types of jobs, if any, utilizing similar training, knowledge, skill or abilities, within that geographical area, from which Plaintiff Gray is also disqualified because of the alleged impairment; and

3. The number and types of jobs, if any, not utilizing similar training, knowledge, skills or abilities, within that geographical area from which Plaintiff Gray is also disqualified because of the alleged impairment.

**§ 155. Major activities of life.**

"Major activities of life" include such activities as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working. An impairment that limits the "major life activity" of working must significantly restrict the plaintiff's ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable skills and abilities. The inability to perform a single particular job does not constitute a substantial limitation in the major life activity of working.

**§ 156. Regarded as having an impairment**

Plaintiff Gray meets the requirement of "being regarded as having such an impairment" if plaintiff establishes that plaintiff has been subjected to an action prohibited under the ADA because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major activity.

**§ 157. Record of Impairment.**

An individual has a "record of such an impairment" if the individual "has a history of, or has been misclassified as having, a mental or physical impairment substantially limiting one or more major life activities." In order to establish a record of such an impairment, Plaintiff Gray must prove that plaintiff's record "substantially limits a major life activity."

**§ 158. Reasonable accommodation.**

The term "reasonable accommodation" means making modifications to the work place allowing a person with a disability to perform the essential functions of the job or allows a person with a disability to enjoy the same benefits and privileges as an employee without a disability.

The term "reasonable accommodation" does not include efforts that would cause an undue hardship on Defendant City of Detroit.

**§ 159. Undue hardship**

The term "undue hardship" means action requiring Defendant City of Detroit to incur significant expense or undergo significant difficulty when considered in light of the following:

One: The nature and net cost of the accommodation;

Two: The overall financial resources of defendant City of Detroit and the number of persons employed by defendant; and

Three: The type of defendant's business, including the composition, structure, operations and functions of defendant's workforce.

### § 160. Generally

Plaintiff Gray has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find Plaintiff Gray has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for Defendant City of Detroit.

**§ 161. Preponderance of the evidence.**

To establish by the preponderance of the evidence, is evidence which as a whole shows the fact sought to be proved is more probable than not.

**§ 162. Good faith Effort to Make Reasonable Accommodation.**

Defendant City of Detroit asserts it has made a good faith effort to reasonably accommodate the alleged disability of Plaintiff Gray.

Your verdict should be for Defendant City of Detroit, if defendant has proven to you, by a preponderance of the evidence, that:

First: Plaintiff Gray has informed Defendant City of Detroit that a reasonable accommodations, as defined in these instructions, were needed because of plaintiff's disability; and

Second: Defendant City of Detroit either made a good faith effort, in consultation with Plaintiff Gray, to identify and make a reasonable accommodation that would provide plaintiff with an equally effective opportunity at the work place; or

Third: The efforts at the reasonable accommodation would cause an undue hardship on the operation of the defendant's business.

## § 163. Undue hardship

Defendant City of Detroit claims that accommodating plaintiff's impairment would impose an undue hardship on Defendant City of Detroit.

An employer is not required to make an accommodation if that accommodation would impose an undue hardship on the employer's business operation. Factors to be considered in determining whether there is an undue hardship include:

- Nature and cost of the accommodation.

- Overall financial resources of the facility or facilities involved.

- The number of persons employed at the facility.

- The overall financial resources of the covered entity, including the overall size of the business.

- The type of operation or operations of the covered entity.

- The impact of the proposed accommodation on other employees.

**§ 164 Requested or Best Reasonable Accommodation**

The employer, Defendant City of Detroit, is not required to make the accommodation actually requested by Plaintiff Gray and the reasonable accommodation need not be the best accommodation available.

The employer, Defendant City of Detroit, is not required to make a reasonable accommodation that would cause an undue hardship on the operation of the business.

### § 165. Compensatory damages

If you find Defendant City of Detroit discriminated against Plaintiff Gray based on plaintiff's disability, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that Plaintiff Gray proves were caused by the defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation-no more and no less.

You may award damages for any pain, suffering or mental anguish Plaintiff Gray experienced as a consequence of the defendant's failure to accommodate. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

*You may not award damages based on sympathy, speculation, or guess work.*

On the other hand, the law does not require that Plaintiff Gray prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

### § 166. Punitive damages

If you find that Plaintiff should recover compensation for damages, and if you further find that the conduct of Defendant was malicious or with reckless indifference to the federally protected rights of Plaintiff, then you may award punitive damages against Defendant.

Malicious conduct is the intentional doing of a wrongful act with knowledge that the act was wrongful.

Reckless conduct is the intentional doing of an act with utter indifference to the consequences.

*Sympathy for or dislike of any party should not influence your decision.*

### § 167. Mitigation of damages

Plaintiff Gray must make every reasonable effort to minimize or reduce plaintiff's damages for loss of compensation by seeking employment. This referred to as "mitigation of damages." Defendant City of Detroit must prove by a preponderance of the evidence that the Plaintiff Gray failed to mitigate plaintiff's damages for loss of compensation.

If you determine Plaintiff Gray is entitled to damages, you must reduce these damages by

1. What Plaintiff Gray earned and

2. What Plaintiff Gray could have earned by reasonable effort during the period from plaintiff's discharge until the date of trial.

Plaintiff Gray must accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider

1. The type of work,

2. The hours worked,

3. The compensation,

4. The job security,

5. The working conditions, and

6. Other conditions of employment.

You must decide whether Plaintiff Gray acted reasonably in not seeking or accepting a particular job. If you determine Plaintiff Gray did not make reasonable efforts to obtain

another similar job, you must decide whether any damages resulted from plaintiff's failure to do so.

You must not compensate Plaintiff Gray for any portion of plaintiff's damages resulting from her failure to make reasonable efforts to reduce Plaintiff's damages.

## § 168. Jury interrogatories—Reasonable accommodation

Do you find by a preponderance of the evidence:

1. That Plaintiff *Gray* had a "disability," as defined in these instructions?

Answer Yes or No _____

2. That Plaintiff *Gray* was a "qualified individual," as defined in these instructions?

Answer Yes or No _____

3. That Plaintiff Gray was not reasonably accommodated by Defendant City of Detroit.

Answer Yes or No _____

4. That Plaintiff *Gray* was discharged from employment by Defendant City of Detroit?

Answer Yes or No _____

5. That Plaintiff *Gray's* disability was a substantial or motivating factor that prompted Defendant City of Detroit to take that action?

Answer Yes or No _____

***Note: If you answered "No" to any of the preceding question you need not answer the remaining questions, and find in favor of Defendant. If you answered "Yes," to all of the proceeding questions, then you find in favor of Plaintiff. Proceed to next set of questions.***

6. That Plaintiff *Gray* should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

Answer Yes or No _____

If your answer is "Yes," in what amount? $_____

7. That Plaintiff *Gray* should be awarded damages to compensate for emotional pain and mental anguish?

Answer Yes or No _____

If your answer is "Yes," in what amount? $ _____

8. In consideration of possible punitive damages,

(a) Do you find that a higher management official of *Defendant City of Detroit* acted with malice or reckless indifference to the plaintiff's federally protected rights?

Answer Yes or No _____

(b) If your answer is "Yes," do you find that *Defendant City of Detroit* itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?

Answer Yes or No _____

(c) If your answer is "Yes," what amount of punitive damages, if any, should be assessed against *Defendant City of Detroit*? $ _____.

## <u>CERTIFICATION PURSUANT TO L.R. 7.1</u>

I, Letitia C. Jones, certify that this document complies with Local FRE 5.1 (a), including double spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10 ½ characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).

*/s/ <u>Letitia C. Jones</u>*
**Letitia C. Jones**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on Monday, August 16, 2021, I caused to have electronically filed the attached **Defendant's Proposed Jury Instructions** and Certificate of Service with the Clerk of the Court using the E-file System. A hard copy will be delivered to the judge per his instructions.

A copy of same will be sent via US Mail and email to: SHEILA D. GRAY, Pro Se Plaintiff, at her email address on record and her street address on record.

*/s/<u>Letitia C. Jones</u>*
**Letitia C. Jones**