## UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

SHEILA DENISE GRAY,

          Plaintiff,

v.

CITY OF DETROIT,
A Michigan Municipal Corp.

          Defendant.

Civil Action No18-CV-12146

Hon. Mark A. Goldsmith

| | |
|---|---|
| Sheila D. Gray<br>Plaintiff In Pro Per | Letitia C. Jones<br>Attorney for Defendant<br>2 Woodward Ave., Ste. #500<br>Detroit, MI 48226<br>(313) 237-3002<br>jonelc@detroitmi.gov |

### STIPULATED "Amended" PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Court's Case Management and Scheduling Order issued on August 31, 2020, the Parties stipulate to the following proposed jury instructions.

The parties reserve the right to supplement and amend these proposed instructions and to submit additional proposed instructions based on the Court's rulings before or at trial, or otherwise, as appropriate.

/s/ *Sheila D. Gray*
**Sheila D. Gray,**
Plaintiff In Pro Per

Date: August 17, 2021

# GENERAL PRELIMINARY INSTRUCTIONS
## AT BEGINNING OF CIVIL TRIAL

## TABLE OF CONTENTS

TABLEOF CONTENTS ............................................................................2

§ 101:01. Opening instructions............................................................5

§ 101:02. Order of trial......................................................................8

§ 101:03. Claims and defenses ...........................................................9

§ 101:10. Province of judge and jury ...................................................10

§ 101:11. Jury conduct .....................................................................11

§ 101:13. Juror use of electronic technology—before trial.........................13

§ 101:20. No transcript available to jury...............................................15

§ 101:21. Publicity during trial ..........................................................16

§ 101:30. Judge's questions to witnesses...............................................17

§ 101:31. Bench conferences..............................................................18

§ 101:40. Evidence in the case ...........................................................19

§ 101:41. Burden of proof.................................................................21

§ 101:42. Direct and circumstantial evidence ........................................22

§ 101:43. Credibility of witnesses .......................................................23

§ 101:44. What is not evidence?..........................................................24

§ 101:45. Evidence for limited purposes...............................................25

§ 101:49. Ruling on objections ...........................................................26

§ 102:01. Cautionary instruction before court recess ...............................27

§ 102:02. Bench conferences..............................................................28

§ 102:11. Stipulations of fact.............................................................29

§ 102:45. Stricken Testimony.............................................................30

§ 102:70. Judge's comments to lawyer..................................................31

§ 102:71. Objections and rulings.........................................................32

§ 102:72. Judge's questions to witnesses...............................................33

§ 102:73. Judge's comments on certain evidence .....................................34

§ 103:01. General introduction...........................................................35

§ 103:04. Juror use of electronic communication technologies ....................36

§ 103:10. Instructions apply to each party .............................................37

§ 103:11. All persons equal before the law—Individuals............................38

§103.12. All persons equal before the law--Organizations .................................................. 39

§ 103:30. Evidence in the case ................................................................................................ 40

§ 103:33. Court's comments not evidence ............................................................................. 41

§ 103:34. Questions not evidence ........................................................................................... 42

§ 103:50. Election of foreperson; duty to deliberate; communications with court; cautionary; unanimous verdict; verdict form .................................................................... 43

§ 104:01. Preponderance of the evidence .............................................................................. 45

§ 104:04. "If you find" or "if you decide" ............................................................................. 46

§ 104:05. Direct and circumstantial evidence ...................................................................... 47

§ 104:54. Number of witnesses ............................................................................................... 48

§ 105:01. Discrepancies in testimony ................................................................................... 49

§ 105:04. Impeachment—Inconsistent statement or conduct ........................................... 51

§ 105:09. Effect of prior inconsistent statements or conduct ............................................ 52

§ 105:10. Effect of refusal of witness to answer .................................................................. 53

§ 105:11. All available witnesses or evidence need not be produced ............................... 54

§ 106:01. Duty to deliberate ................................................................................................... 55

§ 106:02. Effect of instruction as to damages ....................................................................... 56

§ 106:04. Election of foreperson—General verdict ............................................................. 57

§ 106:07. Verdict forms—Jury's responsibility ................................................................... 58

§ 106:08. Communications between court and jury during jury's deliberations .............. 59

§ 106:10. Additional instruction—when jurors fail reasonably to agree ......................... 60

§172.12. Reasonable Accommodation ................................................................................... 63

§ 172.21. Reasonable Accommodation .................................................................................. 64

§172.30. Disability .................................................................................................................. 65

§ 172.31. Qualified individual with a disability .................................................................. 66

§ 172.33 Essential Job Functions .......................................................................................... 67

§ 172.34. Substantially limited .............................................................................................. 68

§ 172.35. Major activities of life ............................................................................................ 69

§ 172.36. Regarded as having an impairment ...................................................................... 70

§ 172.37. Record of Impairment ............................................................................................ 71

§ 172.39. Reasonable Accommodation. ................................................................................ 72

§ 172.40. Undue hardship ...................................................................................................... 73

§172:50. Generally .................................................................................................................. 74

§172.51. Preponderance of the evidence. ............................................................................. 75

JURY INSTRUCTIONS – GRAY V COD (USDC18-CV-12146)

§ 172:70. Compensatory damages ...................................................................76

§ 4:1104 Punitive damages .............................................................................77

§ 172:75. Mitigation of damages .....................................................................78

§ 172:82. Jury interrogatories—Reasonable Accommodation .........................79

## § 101:01. Opening instructions

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is Sheila Gray. The party being sued is called the defendant/*s*/. In this action, the defendant is City of Detroit

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," I that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or believability of the witnesses.

During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence. You should avoid reading any news articles that might be published about the case. You should avoid watching or listening to any television or radio comments or comments on the internet about the trial.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out or your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

## § 101:02. Order of trial

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiff will present evidence in support of plaintiff's claim and the defendant's lawyer may cross-examine the witnesses. At the conclusion of the plaintiff's case, the defendant may introduce evidence and the plaintiff's lawyer may cross-examine the witnesses. The defendant is not required to introduce any evidence or to call any witnesses. If the defendant introduces evidence, the plaintiff may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

**§ 101:03. Claims and defenses**

The positions of the parties can be summarized as follows:

Plaintiff claims that

- Defendant violated the Americans with Disabilities Act (ADA) by failing to reasonably accommodate her disability.

- *She* has an impairment that substantially limits one or more of her major life activities.

- She was otherwise qualified to perform her duties

- Defendant should have known of her disability.

- She requested Reasonable Accommodations.


- Defendant denies those claims and also contends that

- The City denies any allegations that it violated the ADA.

- Plaintiff was hired as a police officer in 1999; sustained a knee injury in 2006.

- Since 2006, she has been reasonably accommodated by working in clerical positions.

- She continued to receive pay & benefits of a police officer, although working in a clerical position.

- She suffered no adverse employment action and voluntarily retired November 2016.

## § 101:10. Province of judge and jury

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

### § 101:11. Jury conduct

To insure fairness, you must obey the following rules:

1. Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2. Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. Anyone else includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3. Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4. During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5. Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6. Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7. Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8. If you need to tell me something, simply give a signed note to the bailiff to give to me.

### § 101:13. Juror use of electronic technology—before trial

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, Blackberries, the Internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, blackberry, iPhone, text messaging, through any blog or website, including Instagram, Twitter, Facebook, Google, My Space, Linkedin, Tik Tok, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect

JURY INSTRUCTIONS – GRAY V COD (USDC18-CV-12146)

you will inform me as soon as you become aware of another juror's violation of these

instructions.

### § 101:20. No transcript available to jury

At the end of the trial, you will have to make your decision based on what you remember about the evidence. You will not have a written transcript to read, and it is difficult and time-consuming for the reporter to read or play back testimony. I urge you to pay close attention to the testimony as it is presented at the trial.

### § 101:21. Publicity during trial

If there is publicity about this trial, you must ignore it. Do not read anything or listen to any television or radio programs about the case. You must decide this case only from the evidence presented in the trial.

### § 101:30. Judge's questions to witnesses

During the trial I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

### § 101:31. Bench conferences

From time to tome it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.

## § 101:40. Evidence in the case

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true or that a person would have given certain testimony. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

### § 101:41. Burden of proof

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party present edit.

The plaintiff has the burden of Proof to prove that she had a disability as defined under the Americans with Disability Act.

1. By showing you have a physical impairment that substantially limits a major life activity.

2. By showing that you have a record of a physical impairment or

3. By showing that you are regarded as having a physical impairment.

### § 101:42. Direct and circumstantial evidence

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

## § 101:43. Credibility of witnesses

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

### § 101:44. What is not evidence?

In deciding the facts of this case, you are not to consider the following as evidence; statement and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## § 101:45. Evidence for limited purposes

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider that item only for that limited purpose and for no other.

### § 101:49. Ruling on objections

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side believes the question or exhibit is not admissible under the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

# INSTRUCTIONS DURING A CIVIL TRIAL

## § 102:01. Cautionary instruction before court recess

We are about to take our first recess. I want to remind you of the instructions I gave earlier. Until the trial is over, you are not to discuss this case with anyone, including other jurors, members of your family, people involved in the trial, or anyone else. You may not permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Do not read or listen to any news reports of the trial, including reports on the Internet. If a newspaper headline or news broadcast catches your attention, do not examine the article or watch or listen to the broadcast any further. The person who wrote or is reporting the story may not have listened to all the testimony, may be getting information from persons whom you will not see here in court under oath and subject to cross examination. The report may emphasize an unimportant point or may simply be wrong. You must base your verdict solely and exclusively on the evidence received in court during the trial.

Finally, you must keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the bailiff to give to me.

## § 102:02. Bench conferences

From time to time it may be necessary for me to talk to the lawyers out of you hearing. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. Do not consider my granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

I do not wish to cause you any delay, but these conferences are necessary. I apologize for any inconvenience. I will do what I can to limit the number and length of these conferences.

## § 102:11. Stipulations of fact

The parties have stipulated, or agreed, that is a fact. You must treat this fact as having been proven for the purpose of this case.

### § 102:45. Stricken Testimony

Do not consider any stricken evidence. You must treat stricken evidence as though you had never heard or known of it.

## § 102:70. Judge's comments to lawyer

It is my duty to caution or warn an attorney who does something I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side I may caution or warn during the trial.

## § 102:71. Objections and rulings

Testimony and exhibits may be admitted into evidence during a trial only if they meet certain criteria or standards. It is a lawyer's duty to object when the others testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

JURY INSTRUCTIONS – GRAY V COD (USDC18-CV-12146)

### § 102:72. Judge's questions to witnesses

During the trial, I may sometimes ask a witness questions. Please do not think I have any opinion about the subject matter of my questions. I may ask a question simply to clarify a matter, not to help one side of the case or harm another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

### § 102:73. Judge's comments on certain evidence

The law permits a federal judge to comment to the jury on the evidence in a case. These comments are only expressions of my opinion as to the facts and you may disregard them entirely. You are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow my instructions about the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in this case.

## INSTRUCTIONS AT CLOSE OF EVIDENCE – DUTIES OF COURT AND JURY

### § 103:01. General introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

[The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.]

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

### § 103:04. Juror use of electronic communication technologies

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any internet chat room, blog or website such as Facebook, MySpace, Linkedin, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly arid adversely impact the judicial process.

### § 103:10. Instructions apply to each party

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

### § 103:11. All persons equal before the law—Individuals

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

### §103.12. All persons equal before the law--Organizations

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The City of Detroit as a municipal corporation is entitled to the same fair trial as a private individual. All persons, including the City of Detroit and other organization stand equal before the law, and are to be treated as equals.

People with disabilities like the plaintiff want to work and contribute, as well as be valued just like everyone else. If the accommodations would be effective and would not cause the agency or company undue hardship, as the law requires it.

## § 103:30. Evidence in the case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

### § 103:33. Court's comments not evidence

The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions.

### § 103:34. Questions not evidence

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

### § 103:50. Election of foreperson; duty to deliberate; communications with court; cautionary; unanimous verdict; verdict form

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone "including me" how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be that is entirely for you to decide. Finally, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads]

On the failure to accommodate claim of Plaintiff Gray, we, the Jury, find in favor of (check one):

☐ Plaintiff Sheila Gray

☐ Defendant City of Detroit

If the above finding is in favor of Defendant City of Detroit, have your foreperson sign and date this form because you have completed your deliberation on this claim.

If the above finding is in favor of Plaintiff Gray, complete the following paragraphs: We find plaintiff's damages as defined in Instruction 172.70 to be:  $S$_____  Stating the amount or, if none, write the word "none"

We assess punitive damages against Defendant City of Detroit, as submitted in Instruction 4:114, as follows:

$S$_____ Stating the amount or, if none, write the word "none"

You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

Page **44**

## INSTRUCTIONS AT CLOSE OF EVIDENCE: BURDEN OF PROOF

### § 104:01. Preponderance of the evidence

Plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

### § 104:04. "If you find" or "if you decide"

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

### § 104:05. Direct and circumstantial evidence

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

### § 104:54. Number of witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

## INSTRUCTIONS AT CLOSE OF EVIDENCE – CREDIBILITY OF WITNESSES

### § 105:01. Discrepancies in testimony

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

### § 105:04. Impeachment—Inconsistent statement or conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## § 105:09. Effect of prior inconsistent statements or conduct

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness's testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

JURY INSTRUCTIONS – GRAY V COD (USDC18-CV-12146)

### § 105:10. Effect of refusal of witness to answer

The law requires every witness to answer all proper questions put to the witness at trial, unless I rule the witness is privileged to refuse to answer on constitutional or other grounds.

The fact a witness refuses to answer a question after being instructed by me to answer  it may be considered by the jury as one of the factors in determining the credibility of the witness and the weight his or her testimony deserves.

## § 105:11. All available witnesses or evidence need not be produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## INSTRUCTIONS AT CLOSE OF EVIDENCE – THE VERDICT

### § 106:01. Duty to deliberate

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be met by a 6 person majority.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your hones conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – Judges of the facts.

Your sole interest is to seek the truth from the evidence in the case.

## § 106:02. Effect of instruction as to damages

The fact I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

### § 106:04. Election of foreperson—General verdict

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson in Court.

A verdict form has been prepared for your convenience.

You will take the form to the jury room, and when you have reached a majority agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

### § 106:07. Verdict forms—Jury's responsibility

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

### § 106:08. Communications between court and jury during jury's deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a verdict.

### § 106:10. Additional instruction—when jurors fail reasonably to agree

I have a few thoughts for you to consider in your deliberations. You should consider these thoughts along with the evidence received during the trial and all the instructions previously given to you.

This is an important case the trial has been expensive in terms of time, effort, and money to both the defense and the plaintiff. If you should fail to agree on a verdict, the case is left open and undecided. Like all cases, it must be disposed of at some time. A second trial would be costly to both sides. There does not appear any reason to believe the case can be tried again, by either side, better or more in more detail than it was tried before you.

Any future jury would be selected in the same manner and from the same source as you were chosen. There appears no reason to believe that the case could ever be submitted to six people more conscientious, more impartial, or more competent to decide it or that more or clearer evidence could be produced on behalf of either side.

These concepts are clear to all who have participated in this trial. The only reason I this mention these facts now is because some of the facts may have escaped your attention while you have been fully occupied in reviewing the evidence in the case in the light of the instructions with your fellow jurors. These are all matters reminding us how desirable it is that you unanimously agree upon a verdict.

As stated in the instructions given at the time the case was first submitted to

you for decision, you should not surrender your honest beliefs as to the weight or effect of evidence solely because of the opinion of other jurors or for the mere purpose of returning a unanimous verdict. However, it is your duty as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violating individual judgment. Each of you must decide the case for yourself, but you should do so only after a consideration of the evidence in the case with your fellow jurors. In the course of your deliberations you should not hesitate to reexamine your own views and change your opinion if convinced it is erroneous.

In order to bring at least six minds to a unanimous result you must examine the question submitted to you with candor and frankness and with proper deference to and regard for the opinions of each other. In conferring together, each of you should pay due attention and respect to the views of the others and listen to each other's arguments for the purpose of reexamining your own views.

You are partisans. You are Judges – Judges of the facts. Your sole interest here is to determine whether the plaintiff has proven each essential element of each claim concerning the defendant by a preponderance of the evidence. You are the exclusive Judges of the credibility of all the witnesses and of the weight and effect of all the evidence.

At all times no juror is expected to yield a conscientious belief the juror may have as to the weight or effect of evidence. Remember that, after full deliberation and consideration of all the evidence in the case, it is your duty to agree upon a verdict if

you can do so without violating your individual judgment and your conscience.

You may conduct you deliberations as you choose, but I suggest you carefully reexamine and reconsider all the evidence in the case bearing upon the questions before you in the light of the Court's instructions on the law.

You may be as leisurely in your deliberations as the occasion may require and you may take all the time you may feel is necessary.

You may now return to the jury room and continue your deliberations in such manner as shall be determined by you good and conscientious judgment as reasonable men and women.

## INSTRUCTIONS FOR CIVIL ACTIONS GOVERNED BY FEDERAL LAW

Failure to Accommodate Under the Americans with Disabilities Act

### §172.12. Reasonable Accommodation

Title I of the Americans with Disabilities Act of 1990 (the "ADA")[1] requires an employer[2] to provide reasonable accommodation to qualified individuals with disabilities who are employees or applicants for employment, unless to do so would cause undue hardship. "In general, an accommodation is any change in the work environment or in the way things are customarily done that enables an individual with a disability to enjoy equal employment opportunities."[3]There are three categories of "reasonable accommodations":

"(i) Modifications or adjustments to a job application process that enable a qualified applicant with a disability to be considered for the position such qualified applicant desires; or

(ii) Modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position; or

(iii) Modifications or adjustments that enable a covered entity's employee with a disability to enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated employees without disabilities."

### § 172.21. Reasonable Accommodation

A Reasonable Accommodation comes in many forms.

In order to determine what is reasonable, an employer must look at the request made by the applicant or employee with a disability. Whether or not an accommodation is reasonable will vary according to the position the employee holds, the way their disability affects their ability to do their job, and the environment that they work in.

A Reasonable Accommodation is a modification or adjustment to a job, an employment practice, or the work environment that makes it possible for a qualified individual with a disability to enjoy an equal employment opportunity.

- Accommodations that are needed to ensure equal opportunity in the employment application process;

- Accommodations that enable individuals with disabilities to perform the essential functions of the position held or desired; and

- Accommodations that enable employees with disabilities to enjoy equal benefits and privileges of employment as are enjoyed by employees without disabilities.

## § 172.30. Disability

The term "disability" means:

The ADA defines a person with a disability as a person who has a physical or mental impairment that substantially limits one or more major life activity. This includes people who have a record of such impairment, even if they do not currently have a disability but are regarded as having a disability.

The ADA defines disability broadly covering people in three (3) categories;

1. People who currently have a disability;

2. People who have a history of disability; and

3. People who are perceived as disabled by others whether or not they actually have a disability.

A disability is an impairment, either mental or physical, that limits one or more major life activities. Major life activities include the ability to care for self, learn, work, walk, see, hear, speak, breathe, etc.

**§ 172.31. Qualified individual with a disability.**

The term "qualified individuals with a disability" means an individual with disability who can perform the essential functions of the employment position.

In accordance with the Americans with Disabilities Act (ADA) and the Persons with Disabilities Civil Rights Act of Michigan, accommodations will be provided to qualified individuals with disabilities when such accommodations are directly related to performing the essential functions of the job, competing for a job, or to enjoy equal benefits and privileges of employment.

## § 172.33 Essential Job Functions

The term "essential job functions" means the fundamental job duties of the employment.

The ADA places on the plaintiff the burden of showing that the plaintiff is qualified. The plaintiff must show the ability to perform the essential functions of the job with or without a reasonable accommodation. 42 U.S.C. § 12112(b)(5)(A), 12111(8); *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); *Cooper v. Neiman Marcus Group*, 125 F.3d 786, 790 (9th Cir. 1997) (***stating elements***).

Under the ADA a plaintiff must show that:

1. She is disabled within the meaning

2. Otherwise qualified for the position, with or without reasonable accommodation

3. Her employer knew or had reason to know about her disability

4. She requested an accommodation; and

5. The employer failed to provide the necessary accommodation

## § 172.34. Substantially limited

The term "substantially limits" must be interpreted consistently with the

ADAA. *Id.* § 12102(4)(B). "'An Impairment is a disability" . . . if it substantially

limits the ability of an individual to perform a major life activity as compared to

most people in the general population. Impairment need not prevent, or significantly

or severely restrict, the individual from performing a major life activity in order to

be considered substantially limiting.'" *Weaving v. City of Hillsboro*, 763 F.3d 1106,

1111 (9th Cir. 2014) (quoting 29 C.F.R. § 1630.2(j)(1)(ii)).

## § 172.35. Major activities of life.

Major life activities are defined in § 12102(2)(A)-(B) and include caring for oneself,

performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting,

bending, speaking, breathing, learning, reading, concentrating, thinking, communicating,

working and the operation of a major bodily function such as the immune system, normal

cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory,

endocrine and reproductive functions. The Ninth Circuit has recognized interacting with

others as a major life activity. *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1112

(9th Cir. 2014).

## § 172.36. Regarded as having an impairment

Also known as regarded as having a disability;

An individual meets the Americans with Disabilities with Act definition act of "disability" that would qualify them for reasonable accommodations if they have "a physical or mental impairment that substantially limits one or more major life activities (sometimes referred to in the regulations as an "actual disability")." If a disability is not obvious to an employer, they can ask for medical documentation from a health care provider to confirm the need for an accommodation.

## § 172.37. Record of Impairment

There are three ways an employee can show that he has a disability.

First, he may have an actual disability—that is, a physical or mental impairment that substantially limits one or more of his major life activities.

Second, he may have a record of an actual disability.

Third, he may be regarded as having an actual disability.

To qualify for protection under the ADA, an employee can also show that he has a record of disability. Here, disability means an actual disability—a physical or mental impairment that substantially limits one or more major life activities. So, an employee that has a history of a physical or mental impairment that substantially limits one or more major life activities is protected by the ADA. Thus, an employer cannot discriminate against an employee based on his record of disability.

## § 172.39. Reasonable accommodation

The term Reasonable Accommodation means making modifications to the work place allowing a person with a disability to perform the essential functions of the job or allows a person with a disability to enjoy the same benefits and privileges as an employee without a disability.

While the ADA defines "discrimination" to include "not making <u>Reasonable Accommodations</u> to the known physical or mental limitations of an otherwise qualified individual with a disability" 42 U.S.C. § 12112(b)(5)(A), to establish a prima facie case for failure to accommodate

<u>"Under the ADA, a plaintiff must show"</u>

<u>(1)She is disabled within the meaning of the act;</u>

<u>(2)She is otherwise qualified for the position, with or without reasonable accommodation.</u>

<u>(3)That her employer knew or had reason to know about her disability</u>

<u>(4)The requested an accommodation; and</u>

<u>(5)The employer failed to provide the necessary accommodation</u>

## § 172.40. Undue hardship

The term "Undue hardship"

"Undue hardship" means significant difficulty or expense and focuses on the resources and circumstances of the particular employer in relationship to the Reasonable Accommodations that would fundamentally alter the nature or operation of the business. An employer must assess on a case-by-case basis whether a particular reasonable accommodation would cause undue hardship.

## § 172:50. Generally

Plaintiff, Sheila D. Gray has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence, clear and convincing evidence as well as substantial evidence. If you find Plaintiff, Sheila D. Gray has not proved any one of the elements by a preponderance of the evidence clear and convincing evidence and substantial evidence, you must return a verdict for Defendant City of Detroit. However, if you find that the plaintiff did prove her case by preponderance of the evidence and by direct and factual evidence you must return a verdict for the Plaintiff.

## §172.51. Preponderance of the evidence

To establish by the preponderance of the evidence, is evidence which as a whole shows the fact sought to be proved is more probable than not.

Preponderance of the evidence is one type of evidentiary standard used in a burden of proof analysis. Under the preponderance standard, the burden of proof is met when the party with the burden convinces the fact finder that there is a greater than 50% chance that the claim is true.

## § 172:70. Compensatory damages

Is defined as a sum of money awarded in a civil action by a court to indemnify a person for the particular loss, detriment, or injury suffered as a result of the unlawful conduct of another.

If you find that the Defendants discriminated against the Plaintiff based on her disability. You may award Compensatory damages for:

economic and non-economic damages including but not limited to lost wages and benefits and other monetary losses, medical bills, or any future expenses, fright, shock, medical Insurance, Prescription drugs, severe personal anxiety, professional and personal embarrassment, emotional and mental distress, health concerns, frustration, humiliation, outrage, disappointment, stress, helplessness, depression, sadness indignation, sleeplessness, nausea, headaches, grief.

Compensatory damages include:

- Mental anguish
- Future medical expenses
- Front pay
- Back pay
- Pain and suffering
- Inconvenience
- Loss of enjoyment of life
- Loss of opportunity

The law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

### § 4:1104 Punitive damages

If you find that Plaintiff should recover compensation for damages, and if you further find that the conduct of Defendant was "malicious or with reckless indifference to the federally protected rights of Plaintiff, Sheila D. Gray. Then you may award punitive damages against Defendant.

Malicious conduct means an intentional, wrongful act done against another to cause harm and done without any legal excuse.

Reckless conduct is any type of behavior where the defendant knew or should have known that their actions would harm another person.

The defendant acted with a conscious disregard for the rights and safety of the plaintiff that has a has caused her irreparable harm.

### § 172:75. Mitigation of damages

Under the mitigation of damages doctrine, a person who has suffered an injury or loss should take reasonable action "where possible". The duty to mitigate works to deny recovery of any part of damages that could have been reasonably avoided. Plaintiff Gray must have made every reasonable effort to minimize or reduce plaintiff's damages for loss of compensation.

In order to prove you searched for work, you must keep copies of all letters, emails, or other evidence of your job search.

What are records of a job search?

The following types of information can prove that you have tried to find work:

- Copies of emails or letters that you send to or receive from companies where you have asked about work or submitted and application;

- The position you were seeking;

- The response you received from you application;

**§ 172:82. Jury interrogatories—Reasonable accommodation**

Do you find from a preponderance of the evidence:

1. That Plaintiff Gray had a "disability," as defined in these instructions?

Answer Yes or No_____

2. That Plaintiff Gray was a "qualified individual," as defined in these instructions?

Answer Yes or No_____

3. That Plaintiff Gray was discharged from employment by Defendant City of Detroit?

Answer Yes or No_____

4. That Plaintiff's disability was a substantial or motivating factor that prompted

Defendant City of Detroit to take that action?

Answer Yes or No_____

5. That Plaintiff Gray should be awarded damages to compensate for a net loss of

wages and benefits to the date of trial _____

Answer Yes or No _____

If your answer is "Yes," in what amount? $_____

6. That Plaintiff Gray should be awarded damages to compensate for emotional

pain and mental anguish? _____

Answer Yes or No_____

If your answer is "Yes," in what amount? $_____

7. In consideration of possible punitive damages,

(a) Do you find that a higher management official of Defendant City of Detroit acted with malice or reckless indifference to the plaintiff's federally protected rights?

Answer Yes or No _____

(b) If your answer is "Yes," do you find that Defendant City of Detroit itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?

Answer Yes or No ___

(c) If your answer is "Yes," what amount of punitive damages, if any, should be assessed against Defendant City of Detroit? $_____

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2021. I caused to have electronically filed the attached Stipulated Proposed Jury Instructions and Certificate of Service with the Clerk of the Court using the E-file & Serve system, which will serve a copy of such filing via email to all attorneys of record and I also certify that I have mailed a copy via US Mail to: Letitia C. Jones, Attorney for Defendant, City of Detroit Law Department, 2 Woodward Ave. Suite 500 Detroit, MI 48226.

/s/*Sheila D. Gray*
**Sheila D. Gray**
**Plaintiff In Pro Per**