UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA D. GRAY,

    Plaintiff,

vs.

CITY OF DETROIT,

    Defendant.

_____/

Case No. 2:18-cv-12146
HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**REGARDING JURY INSTRUCTIONS AND VERDICT FORM**

This matter involves a failure-to-accommodate claim under the Americans with Disabilities Act (ADA). Trial is set to begin on September 14, 2021. The Court has issued jury instructions for the upcoming trial by separate entry after taking into account the parties' respective proposed instructions and objections. The Court now sets forth an explanation regarding the instructions it has decided to issue. The Court also notes revisions that it made to the parties' proposed jury verdict form to conform with the jury instructions issued by the Court.

The parties filed largely similar proposed jury instructions (Dkts. 88, 89), as well as objections to each other's proposed instructions (Dkts. 94, 95). Defendant the City of Detroit also filed a reply in support of its proposed instructions (Dkt. 96); Plaintiff Sheila Gray did not file a reply in support of her proposed instructions.

The Court addresses Gray's objections first. Gray contends that each of the City's proposed instructions to which she objects is "unfairly prejudic[ial]," often without any further explanation, or at least without a coherent explanation or citation to relevant legal authority.

Because Gray has failed to state an adequate basis for objecting to the City's proposed instructions, the Court overrules Gray's objections.

The City's objections to Gray's proposed instructions are generally well taken. Broadly speaking, the City objects to Gray's proposed instructions that contain inaccurate or incomplete statements of the law or contain redundant information. Accordingly, the Court sustains the City's objections.

The Court's decision to sustain one particular objection warrants additional explanation. The City objects to Gray's proposed instruction on "evidence in the case." Specifically, the City objects to the omission of language in Gray's jury instructions reflecting that depositions may be received in evidence. The City represents that it may be necessary to depose one of its witnesses, Dr. Gerald Shiener, and admit his deposition at trial, because his limited availability may prevent him from testifying in-person at trial. The Court will include the language on depositions in this jury instruction for the time being. However, the deposition language will be subject to removal if Dr. Shiener testifies in-person at trial.

The Court has modified several of the City's proposed instructions to conform with the law, to ensure that the instructions presented to the jury are understandable, and to remove redundant information. In broad terms, the Court disagreed with the language of the City's proposed instructions that substantively varied from the language recommended by the Federal Jury Practice & Instructions on reasonable accommodation. See 3C Fed. Jury Prac. & Instr. § 172:21 (6th ed.). Several specific substantive modifications warrant additional explanation, which the Court provides below.

First, the Court modified the language instructing the jury on a plaintiff's burden of proof to succeed on a failure-to-accommodate claim. The City requested language stating that it is

Gray's burden to prove by a preponderance of the evidence that: (i) she was disabled; (ii) she was otherwise qualified for the position; (iii) she requested a reasonable accommodation; (iv) the City was aware of Gray's disability when she requested the accommodation; (v) the proposed accommodation would not have imposed an undue hardship on the City; and (vi) the City failed to provide her with a reasonable accommodation. However, it is the defendant's burden—not the plaintiff's burden—to prove that the requested accommodation would have imposed an undue hardship on the defendant. See Kleiber v. Honda of Am. Mfg., 485 F.3d 862, 869 (6th Cir. 2007). Accordingly, the Court modified this instruction to reflect the correct allocation of burdens.[1] Relatedly, the Court revised the proposed jury instruction defining "undue hardship" to accurately reflect that it is the City's burden to prove undue hardship.

Second, the Court modified the language of the instruction that defines "disability" under the ADA. In contexts other than reasonable accommodation claims, the ADA's definition of "disability" includes "being regarded as having" a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C.A. § 12102(1)(C). However, the "regarded as" disability cannot provide a basis for a reasonable accommodation claim. 42 U.S.C.A. § 12201(h); see also Baker v. Windsor Republic Doors, 414 F. Appx. 764, 776 (6th Cir. 2011) (holding that "a finding of 'regarded as' disability would obviate an employer's responsibility to offer reasonable accommodation to an employee") (citing Workman v. Frito-Lay, Inc., 165 F.3d 460, 467 (6th Cir. 1999)). Accordingly, the Court revised the instruction defining "disability" to reflect that the

---

[1] The Court utilized language from the pattern jury instructions on the elements of a failure-to-accommodate claim published by the Seventh Circuit, which are available at http://www.ca7.uscourts.gov/Pattern-Jury-instructions/7th_cir_civil_instructions.pdf. Like the Sixth Circuit, the Seventh Circuit has held that the defendant bears the burden of proving undue hardship. See Oconomowoc Residential Programs v. City of Milwaukee, 300 F.3d 775, 783 (7th Cir. 2002) (citing U.S. Airways, Inc. v. Barnett, 122 S. Ct. 1516, 1523 (2002); Vande Zande v. Wis. Dep't of Admin., 44 F.3d 538, 542–543 (7th Cir. 1995)).

"regarded as" option is unavailable for Gray's reasonable accommodation claim. The Court also deleted the proposed separate instruction that further defines the "regarded as" option.

Third, the Court utilized the recommended language from the Federal Jury Practice & Instructions to define "reasonable accommodation" in the jury instruction defining this term. The Court also added supplemental language to this instruction specifying that "Defendant's duty to provide a reasonable accommodation is a continuing one. You must evaluate the reasonableness of an accommodation as of the time it was requested." This supplemental language is drawn from the Seventh Circuit's pattern jury instructions and is helpful to clarify for the jury the moment at which it must assess the reasonableness of a request for an accommodation.

Fourth, the Court deleted the City's proposed instruction entitled "Good faith Effort to Make Reasonable Accommodation," in which the City appears to seek to instruct the jury that the City cannot be held liable if the jury finds that the City has proven that it made a good faith effort to reasonably accommodate Gray's disability. See Def. Proposed Jury Instructions at 76. The City did not raise good faith as an affirmative defense in its answer, see Answer (Dkt. 12), nor did it raise good faith as an issue to be litigated at trial in the proposed joint final pretrial order (JFPO), see JFPO (Dkt. 93). Accordingly, the City cannot raise good faith as an affirmative defense at trial, and the Court will not provide a jury instruction on this purported affirmative defense.

Fifth, because the Court has ruled that Gray is barred from seeking compensatory damages at trial, see 8/20/21 Op. at 4–6 (Dkt. 92), the Court removed language from the jury instructions regarding such damages. Likewise, because the Court has ruled that Gray cannot recover punitive damages against the City pursuant to 42 U.S.C. § 1981a(b)(1), the Court removed the proposed instruction on punitive damages. The Court also added instructions regarding front pay and back pay, which the Court drew from the Seventh Circuit's and Third Circuit's pattern jury instructions

and amended slightly to reflect that the Court has limited Gray's ability to seek back pay to her salary. Id. at 7.[2]

Sixth, the Court deleted the proposed instruction on stipulation of facts. However, the Court will be prepared to give such an instruction along these lines if the parties actually stipulate to any facts at trial.

Seventh, the Court struck the interrogatories that were inaccurately included at the end of the proposed jury instructions.

The Court has entered jury instructions in accordance with the above rulings and explanations. The Court will be open to amending these instructions based on what transpires at trial.

The Court has also revised the parties' proposed verdict form to conform with the jury instructions issued by the Court. Specifically, the Court has modified the portion of the verdict form relating to damages. If the jury finds in favor of Gray, the jury will be directed to fill out the portion of the verdict form regarding the amount of non-economic damages, back pay, and front pay that the jury awards to Gray, if any.

SO ORDERED.

Dated: September 3, 2021  /s Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

---

[2] The Third Circuit's pattern jury instructions for claims under the ADA are available at https://www.ca3.uscourts.gov/sites/ca3/files/9_Chap_9_2020_August.pdf.